UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. CORTEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>K. MCGHEE, et al.,<br><br>　　　　Defendants. | No. 1:24-cv-00941 GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 10)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 11) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's motion for default judgment and motion for the appointment of counsel. ECF Nos. 10, 11 respectively. For the reasons stated below, both motions will be denied.

I.　MOTION FOR DEFAULT JUDGMENT

In support of Plaintiff's motion for default judgment, Plaintiff asserts that Defendants have "fail[ed] to deny, defend or respond to the Complaint..." ECF No. 10 at 1. The motion must be denied because Plaintiff complaint has not yet been screened.

Federal courts must have an actual case or controversy before it in order to consider a matter. See City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); see Rivera v. Freeman, 469 F.2d 1159, 1162-63 (9th Cir. 1972) (stating if court has no case or controversy before it, it has no power to hear matter in question); Flast v. Cohen, 392 U.S. 83, 94 (1968) (stating federal courts' power is "constitutionally restricted to 'cases' and 'controversies'"). Given that the Court has yet to determine whether Plaintiff's complaint raises any viable claims against the named Defendants, the Court has no jurisdiction over Defendants to grant Plaintiff' motion for default judgment. For this reason, the motion will be denied.

## II.   MOTION FOR THE APPOINTMENT OF COUNSEL

### A.   Facts in Support of Motion

In support of Plaintiff's motion for the appointment of counsel, Plaintiff states in part that he is unable to afford an attorney; that he has contacted several attorneys and advocacy groups to ask for representation, but he has yet to secure counsel, and that being in administrative segregation has hindered his ability to access the law library and that he is being retaliated against. See generally ECF No. 11. Plaintiff also points out that this Court has the discretion to grant his request for counsel. Id. at 3-4.

### B.   Applicable Law and Analysis

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, a court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

////

1   The burden of demonstrating exceptional circumstances is on the plaintiff.  Id. 2  Circumstances common to most prisoners, such as lack of legal education and limited law library 3  access, do not establish exceptional circumstances that warrant a request for voluntary assistance 4  of counsel.

5   The facts Plaintiff has offered in support of his request that counsel be appointed to him 6  are not persuasive.  The Court notes that the instant motion has been satisfactorily presented, and 7  it indicates that Plaintiff has a sufficient understanding of the law and how to present arguments 8  to the Court.  In addition, the Court notes that despite the fact that Plaintiff has been in 9  administrative segregation for the past eighteen months, he has been able to file a complaint and 10  an unsolicited first amended complaint.  See ECF Nos. 1, 9.

11   For these reasons, having considered the factors under Palmer, the Court finds that 12  Plaintiff fails to meet his burden of demonstrating exceptional circumstances warranting the 13  appointment of counsel at this time.  Therefore, his motion will be denied.

14   Accordingly, IT IS HEREBY ORDERED that:

15   1. Plaintiff's motion for default judgment (ECF No. 10) is DENIED, and

16   2. Plaintiff's motion for the appointment of counsel (ECF No. 11) is DENIED.

IT IS SO ORDERED.

Dated:   **January 23, 2025**                     /s/ Gary S. Austin
                                                                    UNITED STATES MAGISTRATE JUDGE

3